**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Perry Charnas, | : |
| | : |
|                 **Plaintiff,** | : **Civil Action No.:** _____ |
|     **v.** | : |
| | : |
| **Diversified Adjustment Service, Inc. ,** | : **COMPLAINT** |
| | : |
|            **Defendant.** | : |
| | : **July 19, 2021** |
| | : |
| | : |

For this Complaint, the Plaintiff, Perry Charnas, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Connecticut Consumers' Collection Agencies Act, Conn. Gen. Stat. § 36a-800, *et seq.* ("CCCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Perry Charnas ("Plaintiff"), is an adult individual residing in New Haven, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Diversified Adjustment Service, Inc.  ("Diversified"), is a Minnesota business entity with an address of 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

A. **The Debt**

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Diversified Engages in Harassment and Abusive Tactics**

10.      Within the last year, Diversified began attempting to contact Plaintiff in an attempt to collect the Debt.

11.      In or around February 2021, Diversified called Plaintiff's sister at an excessive and harassing rate, placing eight calls to her in one day.

12.      Diversified falsely informed Plaintiff's sister that it was a "friend" trying to get in touch with Plaintiff.

13.      Plaintiff's sister did not co-sign for the debt and therefore is not responsible for its repayment.

2

14.     Plaintiff did not give Diversified permission to speak with her sister.

15.     Diversified 's actions caused Plaintiff a great deal of frustration, embarrassment and distress.

C. **Plaintiff Suffered Actual Damages**

16.     Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

17.     As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

20.     The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

21.     The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

3

22.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

25.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

26.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT CONSUMERS' COLLECTION AGENCIES ACT, Conn. Gen. Stat. § 36a-800, et seq.

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Plaintiff is a "consumer-debtor" as defined by Conn. Gen. Stat. § 36a-800(2).

30.     The Defendant is a "consumer collection agency" as defined by Conn. Gen. Stat. § 36a-800(1).

4

31.     The Defendant engaged in any activities prohibited by sections 36a-800 to 36a-810, inclusive Conn. Gen. Stat. § 36a-805(a)(15).

32.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

## Conn. Gen. Stat. § 42-110a, et seq.

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Defendant are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

35.     The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

36.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

5

4. **Actual damages pursuant to Conn. Gen. Stat. § 42-110g;**

5. **Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;**

6. **Punitive damages; and**

7. **Such other and further relief as may be just and proper.**

   **TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: July 19, 2021**

**Respectfully submitted,**

**By   /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG LAW, L.L.C.**
**43 Danbury Road, 3rd Floor**
**Wilton, CT 06897**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**